**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RICKY KEENER,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-26-3483** |
| **GERALD RONKIN, et al.** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * *

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Ricky Keener's Motion to Remand. (ECF No. 15.) For the reasons set forth below, the Motion will be granted and the case will be remanded to the Circuit Court for Baltimore City.

Keener initially filed this action in the Circuit Court for Baltimore City on May 29, 2025. (*See* ECF No. 1 ¶ 1.) He filed it against Beth Tfiloh Congregation of Baltimore City, Inc. ("Beth Tfiloh"), Gerald Ronkin, the Maryland Department of Human Service, the State of Maryland, and the Baltimore City Department of Social Services. (ECF No. 12.) Ronkin filed a notice of removal to this Court on September 2, 2026. (*See generally* ECF No. 1.) In his notice, Ronkin explains that "Defendants Maryland Department of Human Services, Baltimore City Department of Human Services and Defendant Gerlad [sic] Ronkin filed dispositive Motions" and that "the State Defendant's [sic] Motion to Dismiss where [sic] GRANTED and the [sic] Defendant Ronkin's Motion to Dismiss or in the Alternative for Summary Judgment was DENIED." (*Id.* ¶¶ 7–9.) Ronkin does not explain the status of defendants Beth Tfiloh or the State of Maryland, but he asserts that he is the only Defendant left. (*Id.* ¶ 10.) Keener clarifies in the pending Motion to Remand that those defendants have been dismissed. (ECF No. 15 ¶¶ 3, 4.) Ronkin asserts that

removal is appropriate pursuant to 28 U.S.C. § 1332[1] and 1441, because the remaining parties are completely diverse, given that he is a resident of Florida and Keener is a resident of Maryland. (ECF No. 1 ¶ 10, 12.) He also explains that the case was stayed by the state court from June 4, 2025 through October 17, 2025, pursuant to an Administrative Order regarding Child Victims Act cases. (*Id.* ¶¶ 4–5; *see also* ECF Nos. 10, 11.)

Keener argues that this case must be remanded to the Circuit Court for Baltimore City. (ECF No. 15.) He explains that removal is improper pursuant to 28 U.S.C. § 1446. 28 U.S.C. § 1446(b)(3) provides that "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Subsection (c)(1) provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.*

Given that the case was filed in May 2025 in state court and removed to this Court in September 2026, 28 U.S.C. § 1446(c)(1) prohibits removal "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* Ronkin, as the removing party, bears the burden of demonstrating this Court's jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) ("While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain

[1] Ronkin cites "Title 28 U.S.C. 11332." (ECF No. 1 ¶ 12.) The Court presumes that this is a typographical error. Ronkin also attaches an "Exhibit A" which appears to relate to a request for testimony by a corporate designee. (*Id.* at 4.) The Court presumes that this too is an error.

statement . . . when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper."). Ronkin argues that:

> 28 U.S.C. § 1446(c)(1) does not apply where 1) There was a Stay in Place for 6 months, thereby extending the 1-year deadline 2) The Summary Judgment Ruling is an "Order" or "Other Paper" as defined by §1446(b)3and 3) Plaintiff engaged in bad faith by preventing his deposition and completely changing his theory of the case.

(ECF No. 17.)

These arguments are unavailing. With respect to the first and second arguments, the only exception to the one-year filing deadline provided in § 1446(c)(1) is a finding that the plaintiff acted in bad faith. Ronkin cites no authority[2] suggesting that a stay in the state case tolls the one-year deadline. Further, the Court is mindful that the removal statute is to be construed narrowly. *See White v. Lexington Ct. Apartments, LLC*, Civ. DKC-16-0427, 2016 WL 1558340, at *3 (D. Md. Apr. 18, 2016); W. *Virginia v. Barker*, Civ. No. 10-01403, 2011 WL 1627441, at *2 (S.D.W. Va. Apr. 28, 2011). Thus, without authority to the contrary, the Court concludes that Ronkin has not met his burden of showing that the stay tolled the one-year filing period.

Ronkin also fails to meet his burden with respect to his third argument because he has not established that Keener acted in bad faith to prevent removal. Ronkin argues that "the Plaintiff, preventing his deposition and in changing his theory of the case, caused a delay of over 4 months. This delay was in bad faith fully knowing his theory again[st] [sic] Defendant Ronkin was false as originally pleaded." (ECF No. 17.) However, setting aside the fact that Ronkin has provided no exhibits supporting this argument, this argument on its face does not suggest that Keener "acted in bad faith *in order to prevent a defendant from removing the action*." 28 U.S.C. § 1446(c)(1) (emphasis added).

---

[2] Ronkin cites *Bethesda Chevy Chase Surgery Ctr., LLC v. Unitedhealthcare Ins. Co.*, No. GJH-15-3496, 2016 WL 3042957 (D. Md. May 27, 2016), but that case does not involve any discussion of § 1446(c)(1).

Accordingly, it is ORDERED that

1. The Motion to Remand (ECF No. 15) is GRANTED; and

2. This case is REMANDED to the Circuit Court for Baltimore City.

DATED this 29 day of October, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge